430

**No. 42379.**—Petition 5770–R of Superior Decorating Co. (Cleveland).

Opinion by KINCHELOE, J.  From the record it was found that there was no intention to defraud the revenue of the United States, or to deceive the appraiser, or to conceal or misrepresent the facts of the case.  The petition was therefore granted.

**No. 42380.**—Protest 981936–G of A. B. Hood Co. (Los Angeles).

Opinion by DALLINGER, J.  In accordance with stipulation of counsel and on the authority of Abstract 26587 the steel angles in question were held dutiable at one-fifth of 1 cent per pound under paragraph 312 as claimed.

**No. 42381.**—Protest 995244–G of A. W. Faber, Inc. (New York).

Opinion by DALLINGER, J.  It was stipulated that the merchandise consists of pencils stamped with names other than the manufacturers' or the manufacturers' trade mark, the same as those the subject of *United States* v. *Favor* (24 C. C. P. A. 399, T. D. 48854).  The claim at 50 cents per gross and 25 percent ad valorem under paragraph 1549 (a) was therefore sustained.

**No. 42382.**—Protests 984996–G, etc., of Dan Brechner & Co. (New York).

Opinion by DALLINGER, J.  In accordance with stipulation of counsel and on the authority of *Woolworth* v. *United States* (26 C. C. P. A. 221, C. A. D. 20) paperweights and pencil holders plated with silver were held dutiable at 50 percent ad valorem under paragraph 339, and those not plated were held dutiable at only 40 percent under the same paragraph as claimed.

**No. 42383.**—Protest 980844–G of Graf & Co. (San Francisco).

Opinion by DALLINGER, J.  In accordance with stipulation of counsel and on the authority of Abstract 38680 the marcel irons in question were held dutiable at 40 percent under paragraph 339 as claimed.

**No. 42384.**—Protests 553685–G, etc., of Saks & Co., Inc. (New York).

Opinion by DALLINGER, J.  In accordance with stipulation of counsel and on the authority of *United States* v. *Friedlaender* (21 C. C. P. A. 103, T. D. 46445), *Dow* v. *United States* (id. 282, T. D. 46816), *Rice* v. *United States* (T. D. 49373), and *Viking Trading Co.*, v. *United States* (C. D. 132) flacons and boxes chiefly used in the household for utilitarian purposes and hollow bottles, jars, tooth brush holders, and flasks were held dutiable as hollow ware at 50 percent under paragraph 339.